14-2564-cv
Anderson v. County of Suffolk

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 26th day of October, two thousand fifteen.

Present:     ROSEMARY S. POOLER,
             BARRINGTON D. PARKER,
             RICHARD C. WESLEY
                     *Circuit Judges.*

---

PERRIM ANDERSON,

                     *Plaintiff-Appellee*,

            v.                                          14-2564-cv

COUNTY OF SUFFOLK, SUFFOLK COUNTY SHERIFF'S OFFICE, SUFFOLK COUNTY CORRECTIONAL FACILITY, CORRECTION OFFICERS VINCENT APARICIO AND MARIA MCAULEY, IN THEIR INDIVIDUAL AND OFFICIAL CAPACITIES,

                     *Defendants-Appellants*.[*]

---

Appearing for Appellants:     Arlene S. Zwilling, Assistant County Attorney, *for* Dennis M. Brown, Suffolk County Attorney, Hauppauge, NY.

Appearing for Appellee:       Scott A. Korenbaum, Law Offices of Frederick K. Brewington (Frederick K. Brewington *on the brief*), Hempstead, NY.

---

[*] The Clerk of Court is respectfully requested to amend the caption as set forth above.

Appeal from the United States District Court for the Eastern District of New York (Brown, *M.J.*).

　　　**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said district court be and it hereby is **AFFIRMED**, but we **REMAND** for the limited purpose of consideration of attorney's fees.

　　　County of Suffolk, Suffolk County Sheriff's Office, Suffolk County Correctional Facility, and Correction Officers Vincent Aparicio and Maria McAuley ("defendants") appeal from the June 12, 2014 order of the district court, entering judgment for plaintiff Perrim Anderson and against Aparicio. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

　　　Defendants first argue that the district court was compelled to accept the first verdict, rather than return it to the jury for clarification, because the jury's answers to the interrogatories and its verdict were consistent. The district court's decision to return the verdict to the jury for further consideration "should be given deference on appeal because the district judge is in the best position to determine whether the answers reflect confusion or uncertainty." *Kerman v. City of New York*, 261 F.3d 229, 244 (2d Cir. 2001) (internal quotation marks omitted). This decision is therefore reviewed for abuse of discretion. *Patrolmen's Benevolent Ass'n of City of N.Y. v. City of New York*, 310 F.3d 43, 55 (2d Cir. 2002). Although defendants "may be able to provide a consistent explanation for the jury's answers, it was simply not unreasonable for the district court to conclude that an inconsistency existed," *Kerman*, 261 F.3d at 244, given that the jury found that Aparicio's use of excessive force did not proximately cause Anderson's injuries but awarded $65,000 in compensatory damages. Further, the Seventh Amendment obligation to "attempt to harmonize" inconsistency in a jury's verdict "if it is possible under a fair reading" arises only after the jury is discharged. *Auwood v. Harry Brandt Booking Office, Inc.*, 850 F.2d 884, 891 (2d Cir. 1988) (internal quotation marks omitted). If the inconsistency is noted prior to the jury's discharge, the "trial court has the discretion to resubmit the issues to the jury with a request for clarification." *Id.*; *see also* Fed. R. Civ. P. 49(b)(3).

　　　Next, it was within the district court's discretion to require a retrial on damages, in addition to liability. *See Diamond D Enters. USA, Inc. v. Steinsvaag*, 979 F.2d 14, 17 (2d Cir. 1992) (noting that Federal Rule of Civil Procedure 59(a) authorizes a district court to grant a new trial "on all or part of the issues," and that the reviewing court "will disturb a ruling on a Rule 59 motion only if we find an abuse of discretion"). Although the district court may not have been required to order a retrial on damages, it was not an abuse of discretion to do so, where, as here, the issues of liability and damages are intertwined, *see Brooks v. Brattleboro Mem'l Hosp.*, 958 F.2d 525, 531 (2d Cir. 1992), and the circumstances surrounding the first verdict reflected substantial jury confusion. Moreover, under these circumstances, requiring a retrial of damages did not violate defendants' Seventh Amendment rights. *See Gasperini v. Ctr. for Humanities*, Inc., 518 U.S. 415, 433 (1996).

　　　Furthermore, viewing the evidence in the light most favorable to Anderson, *see Payne v. Jones*, 711 F.3d 85, 98 n.10 (2d Cir. 2013), and reviewing the district court's limited discretion

on this issue, *see Stampf v. Long Is. R.R. Co.*, 761 F.3d 192, 209 (2d Cir. 2014), we do not find the punitive damages award to be excessive under the guideposts set out by the Supreme Court in *BMW of North America, Inc. v. Gore*, 517 U.S. 559 (1996). *See Patterson v. Balsamico*, 440 F.3d 104, 120-21 (2d Cir. 2006).

Finally, reviewing the district court's denial of judgment as a matter of law and qualified immunity de novo and looking at the evidence in the light most favorable to Anderson, *see Arlio v. Lively*, 474 F.3d 46, 51 (2d Cir. 2007), there was more than sufficient evidence from which a jury could find that Aparicio committed battery, used excessive force in violation of Anderson's constitutional rights, and was not shielded by qualified immunity. *See Kingsley v. Hendrickson*, — U.S. —, 135 S. Ct. 2466, 2470 (2015).

We have considered the remainder of defendants' arguments and find them to be without merit. Accordingly, the judgment of the district court hereby is AFFIRMED. Furthermore, we REMAND to the district court for consideration of attorney's fees pursuant to 42 U.S.C. § 1988.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3